IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| KEVIN SHEPARD, | ) | |
| | ) | NO. 4:02-cv-30260 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | INSTRUCTIONS TO THE JURY |
| | ) | |
| WAPELLO COUNTY, IOWA and | ) | |
| WAPELLO COUNTY SHERIFF | ) | |
| DONALD KIRKENDALL, | ) | |
| | ) | |
| Defendants. | ) | |

MEMBERS OF THE JURY, THE COURT NOW GIVES YOU THE FOLLOWING INSTRUCTIONS:

This is a civil action brought by plaintiff Kevin Shepard against defendants Wapello County and Sheriff Donald Kirkendall. Wapello County, Iowa is a municipal corporation within the state of Iowa and is a political subdivision of the State of Iowa. Defendant Donald Kirkendall was the Sheriff of Wapello County and employed by defendant Wapello County, Iowa during all times relevant to this lawsuit. Sam Craven was the Chief Jail Administrator during all times relevant to this lawsuit. Kevin Shepard reported to Sam Craven and Donald Kirkendall. Sam Craven reported to Donald Kirkendall.

Plaintiff Kevin Shepard began working for defendants on November 25, 1997. His last day of employment was July 1, 2001.

**PAGE TWO OF STATEMENT OF THE CASE**

Plaintiff alleges that defendants wrongfully terminated him in violation of various laws and seeks damages. The defendants deny that they acted wrongfully or violated any laws in any respect.

Do not consider this summary as proof of any claim. Decide the facts from the evidence and apply the law that I will now give you.

**INSTRUCTION NO. ___|___**

Members of the jury, the instructions I gave at the beginning of the trial remain in effect.  I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of the trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room.   I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.   In considering the instructions, you will attach no importance or significance whatever to the order in which they are given.

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict should be.

**PAGE TWO OF INSTRUCTION NO. _____**


You must follow the instructions now given you regardless of your opinion of what the law ought to be. You need not be concerned with the wisdom of any rule of law.

Finally, as judges of the facts your duty is to decide all fact questions.  In doing so, do not be influenced by any personal likes or dislikes, sympathy, bias, prejudice or emotions.

INSTRUCTION NO. _____

You shall base your verdict only upon the evidence and these instructions.

Evidence is:

1.   Testimony in person or by deposition.

2.   Exhibits received by the Court.

3.   Stipulations, which are agreements between the parties.  If the parties stipulate to a fact, you should treat that fact as having been proved.

Evidence may be direct or circumstantial.  The weight to be given any evidence is for you to decide.

Sometimes, during a trial, references are made to pre-trial statements and reports, witnesses' depositions, or other miscellaneous items.  Only exhibits formally offered and received by the court are available to you during your deliberations, and you will be provided with these.  Documents or items read from or referred to, which were not offered and received into evidence, are not available to you.

**PAGE TWO OF INSTRUCTION NO.** ⎯2⎯

The following are not evidence.

1.  Statements, arguments, questions and comments by the lawyers.

2.  Objections and rulings on objections.

3.  Testimony I told you to disregard.

4.  Anything you saw or heard about this case outside the courtroom.

INSTRUCTION NO. 3

You will decide the facts from the evidence.  Consider the evidence using your observations, common sense and experience.  You must try to reconcile any conflicts in the evidence, but if you cannot, you will accept the evidence you find more believable.

In determining the facts, you may have to decide what testimony you believe.  You may believe all, part, or none of any witness' testimony.

There are many factors you may consider in deciding what testimony to believe, for example:

1.    Whether the testimony is reasonable and consistent with other evidence you believe;

2.    The witness' appearance, conduct, age, intelligence, memory, and knowledge of the facts;

3.    The witness' interest in the trial, their motive, candor, bias, and prejudice; and

4.    Whether the witness said something different at an earlier time.

**INSTRUCTION NO.**  4

      Certain testimony has been received into evidence from a deposition.  A deposition is testimony taken under oath before the trial and preserved in writing.  Consider that testimony as if it had been given in court.

**INSTRUCTION NO.** <u>5</u>


This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.   All persons stand equal before the law, and are to be dealt with as equals in a court of law.

**INSTRUCTION NO. __6__**

In these instructions you are told that your verdict depends on whether you find certain facts have been proved.

The burden of proving a fact is upon the party whose claim depends upon that fact.   The party who has the burden of proving a fact must prove it by the greater weight or preponderance of the evidence.   To prove something by the greater weight or preponderance of the evidence is to prove that it is more likely true than not true.   It is determined by considering all of the evidence and deciding which evidence is more believable.

The greater weight or preponderance of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.

**INSTRUCTION NO.** ⎤
                    ⎯⎯⎯⎯⎯

Plaintiff Kevin Shepard makes three claims in this case.

First, he claims that the defendant Wapello County wrongfully discharged him in violation of Iowa public policy for providing information about misconduct by Chief Jail Administrator Sam Craven in connection with the transport of prisoner Patricia McKim. Iowa law forbids the furnishing of alcoholic beverages to prisoners, and requires that prisoners be appropriately supervised at all times.

Second, he claims that defendant Sheriff Donald Kirkendall discharged him in violation of a state "whistleblower" law that prohibits reprisal against an employee of a political subdivision for disclosing information to a public official which the employee reasonably believes is evidence of a violation of law or rule, mismanagement, a gross abuse of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

Third, he claims that defendants Wapello County and Sheriff Donald Kirkendall retaliated against him in violation of his federal constitutional right of free speech by discharging him for his statements to the Sheriff concerning Sam Craven's alleged misconduct involving prisoner McKim and to County Supervisor Jerry Parker concerning the Sheriff's budget for overtime hours. A federal civil rights law provides that a person may sue any person

**PAGE TWO OF INSTRUCTION NO. _____**

who under color of any state law subjects such person to the
deprivation of any rights under the Constitution of the United
States. The First Amendment to the Constitution protects the right
of the people to "freedom of speech."

**INSTRUCTION NO.** _8_

      It is undisputed that Sheriff Kirkendall told Mr. Shepard that if he did not resign, he would be terminated. You are instructed that under these circumstances plaintiff's termination of employment is considered a discharge.

**INSTRUCTION NO.** 9

On plaintiff Kevin Shepard's claim of wrongful discharge in violation of a public policy against defendant Wapello County, plaintiff must prove all of the following propositions by the preponderance of the evidence:

1.   Kevin Shepard was an employee of Wapello County. This proposition is not in dispute.

2.   Wapello County discharged Kevin Shepard from employment. This proposition is not in dispute.

3.   Kevin Shepard's providing information to Sheriff Kirkendall in response to the Sheriff's questions regarding the alleged misconduct of Chief Jail Administrator Sam Craven in connection with the transport of prisoner Patricia McKim was the determining factor in the County's decision to terminate Mr. Shepard's employment.

4.   The termination was a proximate cause of damage to Mr. Shepard.

5.   The nature and extent of damages.

If Mr. Shepard has failed to prove any of the above propositions by the preponderance of the evidence, your verdict must be for Wapello County on this claim. However, if you find that Mr. Shepard has proved all of these propositions by the preponderance of the evidence, then he is entitled damages in some amount against defendant Wapello County.

**INSTRUCTION NO.** 10

      With respect to proposition No. 3 of Instruction No. 9, a determining factor need not be the main reason behind the decision. It need only be the reason which tips the scales decisively one way or the other.

**INSTRUCTION NO.** _11_

In considering the claim in Instruction No. _9_ you are instructed that the defendant County acts only through its agents or employees.  Any agent or employee of the County may bind it by acts and statements made while acting within the scope of the authority delegated to the agent by the County, or within the scope of his or her duties as an employee of the County.

**INSTRUCTION NO.** __12__

The conduct of a party is a proximate cause of damage if it was a substantial factor in producing damage and when the damage would not have happened except for the conduct. "Substantial" means the party's conduct has such an effect in producing damage as to lead a reasonable person to regard it as a cause.

**INSTRUCTION NO.** _13_

On plaintiff Kevin Shepard's claim against defendant Sheriff Donald Kirkendall for retaliation for disclosing information to a public official, plaintiff must prove all of the following propositions by the preponderance of the evidence:

1.   Kevin Shepard disclosed information to Sheriff Kirkendall, in response to the Sheriff's questions, about the alleged misconduct of Chief Jail Administrator Sam Craven in transporting prisoner Patricia McKim.

2.   Mr. Shepard reasonably believed the information was evidence of a violation of law or rule, mismanagement, a gross abuse of funds, an abuse of authority, or a substantial and specific danger to public health or safety.

3.   Sheriff Kirkendall discharged Mr. Shepard from employment as a reprisal for Mr. Shepard having disclosed the information to Sheriff Kirkendall.

4.   Defendant's conduct in discharging plaintiff was the proximate cause of damage to plaintiff. "Proximate cause" has been explained to you in another instruction.

5.   The nature and extent of the damage.

If Mr. Shepard has failed to prove any of the above propositions by the preponderance of the evidence, your verdict must be for defendant Kirkendall on this claim. However, if you find that Mr. Shepard has proved all of these propositions by the preponderance of the evidence, then he is entitled to damages in some amount against defendant Kirkendall.

INSTRUCTION NO. 14

On plaintiff Kevin Shepard's claim against defendants Wapello County and Sheriff Donald Kirkendall for retaliation in violation of his constitutional right of free speech, plaintiff must prove all of the following propositions by the preponderance of the evidence:

1.    Kevin Shepard was discharged from employment by defendants. This proposition is not in dispute.

2.    Either one or both of the following statements was a motivating factor in defendants' decision to discharge plaintiff from employment:

      a.    Plaintiff's statements to County Supervisor Jerry Parker regarding the budget for overtime hours by the Sheriff; or

      b.    Plaintiff's statements to Sheriff Kirkendall in response to the Sheriff's questions regarding Chief Jail Administrator Sam Craven's alleged misconduct in connection with the transport of prisoner Patricia McKim.

3.    Defendants were acting under color of state law. This proposition is not in dispute.

If Mr. Shepard has failed to prove any of the above propositions by the preponderance of the evidence, your verdict must be for defendants on this claim. However, if you find that Mr. Shepard has proved all of these propositions by the preponderance of the evidence, then you will consider the issues submitted to you in Instruction Nos. 16, 17, 18 as directed in the Special Verdict Form.

**INSTRUCTION NO.** 15

With respect to proposition No. 2 of Instruction No. 14, plaintiff Kevin Shepard's statements were a "motivating factor" if they played a part in the defendants' decision to discharge him. However, plaintiff's statements need not have been the only reason for defendants' decision to discharge plaintiff.

**INSTRUCTION NO.** __16__


If you find plaintiff Kevin Shepard established all of the propositions in Instruction No. __14__ by the preponderance of the evidence, then you must determine if plaintiff would have been discharged regardless of the statements described in Proposition No. 2 of Instruction No. __14__. If defendants prove by the preponderance of the evidence that plaintiff would have been discharged regardless of these statements, plaintiff cannot recover damages for his claim of retaliation in violation of his constitutional right of free speech. Therefore, you will be asked to answer the following question on the verdict form:

> Would Kevin Shepard have been discharged from employment regardless of the statements he contends were protected by his constitutional right of free speech?

**INSTRUCTION NO.** ___17___

Plaintiff Kevin Shepard may recover damages against defendant Wapello County on his claim of retaliation in violation of his constitutional right to free speech only if he proves by the preponderance of the evidence that a county policy caused the violation. A decision by a person in Sheriff Kirkendall's position is a result of a county policy if it is a course of action consciously chosen from among alternatives. Therefore, you will be asked to answer the following question on the verdict form:

> Was Sheriff Kirkendall's decision to discharge
> Kevin Shepard the result of a deliberate
> choice by him to follow a course of action
> from among various alternatives?

**INSTRUCTION NO.** ___18___

      To assist the Court in determining whether the statements described in proposition No. 2 of Instruction No. ___14___ were protected by the First Amendment to the United States Constitution, you will be directed to consider and answer the following questions as provided on the verdict form:

      1.   Did Kevin Shepard's statements, or conduct in making them, to County Supervisor Jerry Parker regarding the amount of overtime hours budgeted by the Sheriff or to Sheriff Kirkendall regarding Sam Craven's alleged misconduct cause, or could either statement have caused, disharmony or disruption in the workplace?

      2.   Did these statements by Kevin Shepard impair his ability to perform his duties?

      Defendants have the burden to prove any disharmony, disruption or inability to perform duties by the preponderance of the evidence.

**INSTRUCTION NO.** 19

With respect to all of plaintiff's claims, you may not return a verdict for plaintiff just because you might disagree with the defendants' actions or policies or believe they acted in a harsh or unfair manner. Under the law Mr. Shepard was an employee at will who could be discharged for any reason that did not violate the public policy or law of Iowa, or the Constitution of the United States.

# INSTRUCTION NO. 20

If you find in favor of plaintiff Kevin Shepard on any of his claims, then you must award plaintiff such sum as you find by the preponderance of the evidence will fairly and justly compensate him for any damages you find he sustained as a direct result of the defendants' actions. You shall consider the following items separately:

1.    Wages and benefits Mr. Shepard would have earned in his employment with Wapello County if his employment had not ceased on July 1, 2001, through the date of your verdict, *minus* the amount of wages and benefits that plaintiff received from other employment during that time.

2.    The present value of Mr. Shepard's loss of future wages and benefits which he would have earned from his employment with Wapello County if his employment had not ceased, *minus* the amount of wages and benefits that Mr. Shepard can reasonably be expected to earn from other employment in the future, computed as if he worked until the age you determine he would have retired or left the employment of Wapello County.

3.    Mental or emotional pain and suffering in the past and future.  Mental or emotional pain and suffering may include, but is not limited to, mental anguish, loss of enjoyment of life, humiliation and embarrassment.

**PAGE TWO OF INSTRUCTION NO.** 20

The amount, if any, you award for mental or emotional pain and suffering cannot be measured by an exact or mathematical standard; the determination of the amount must rest in the sound discretion of the jury.  Such discretion must not be exercised arbitrarily or out of passion or sympathy or prejudice for or against the parties, but must be based on a fair, intelligent, dispassionate and impartial consideration of the evidence.  The amount you assess for any item of damage must not exceed the amount caused by the defendants as proved by the evidence.

A party cannot recover duplicate damages.  Do not allow amounts awarded under one item of damage to be included in any amount awarded under another item of damage.  The amounts, if any, you find for each of the above items will be used to answer the special verdicts.

**INSTRUCTION NO.** 21

Plaintiff has a duty to mitigate or lessen his damages. That is, Mr. Shepard was required to exercise reasonable diligence to locate other suitable employment after his employment with defendant ended and to maintain suitable employment once located. If you find by the preponderance of the evidence that plaintiff failed to seek out or take advantage of an employment opportunity that was reasonably available to him, you must reduce his damages by the amount he reasonably could have avoided if he had sought out or taken advantage of such an opportunity. Defendant has the burden of proving Mr. Shepard failed to mitigate his damages.

**INSTRUCTION NO.** 27

Future damages must be reduced to present value. "Present value" is a sum of money paid now in advance which, together with interest earned at a reasonable rate of return, will compensate the party for future losses.

**INSTRUCTION NO.** 23

In arriving at an item of damage, you cannot arrive at a figure by taking down the estimate of each juror as to an item of damage and agreeing in advance that the average of those estimates shall be your item of damage.

**INSTRUCTION NO.** 24

Your first duty on retiring to the jury room for your deliberations is to elect one of your members foreperson of the jury.  The person elected is responsible for the orderly, proper and free discussion of the issues by any jurors who wish to express their views.  The foreperson will supervise the balloting and sign the verdict form and any written inquiries addressed to the Court.

Requests regarding instructions are not encouraged.  Experience teaches that questions regarding the law are normally covered in the instructions, and the jury is encouraged to examine them very carefully before making any further requests of the Court.

The attitude of jurors at the outset of their deliberations is important.  It is seldom helpful for a juror, upon entering the jury room, to announce an emphatic opinion in a case or a determination to stand for a certain verdict.  When a juror does that at the outset, individual pride may become involved, and the juror may later hesitate to recede from an announced position even when it is incorrect.  You are not partisans or advocates.  You are judges--judges of the facts.  Your sole interest is to ascertain the truth.

**INSTRUCTION NO.** _____

The verdict must represent the considered judgment of each juror.  Your verdict must be unanimous.

As jurors, your duty is to consult one another and deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment.  An inconclusive trial is always undesirable.  Each of you must decide the case for yourself, but only after an impartial consideration of evidence with your fellow jurors.  During your deliberations, do not hesitate to re-examine your own views and change your opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Submitted to you with these instructions is the special verdict form.  After you have agreed and appropriately signed the verdict form in accordance with the directions contained therein, inform the jury officer outside the room.  You will have the verdict signed only by one of your number whom you will have selected as your foreperson and return with it into court.

Dated this _____ day of August, 2003.

_____
ROSS A. WALTERS
CHIEF UNITED STATES MAGISTRATE JUDGE